IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RNPM, LLC,

    Plaintiff,

v.

COBAS-MONDRIGUEZ, et al.,

    Defendants.

Civil No. 12-1735 (GAG)

**OPINION AND ORDER**

RNPM, LLC ("Plaintiff"), a Nevada corporation with its principal place of business in Georgia, brings this foreclosure action on property owned by Rodolfo Cobas Mondriguez, Barbara Flora Leon Castro, and their conjugal partnership (collectively "Defendants"). Defendants' 12(b)(2) motion to dismiss is presently before the court. (Docket No. 30.) Plaintiff opposed the motion at Docket No. 32. For the following reasons, the court **DENIES** Defendants' motion to dismiss at Docket No. 30.

**I.     Standard of Review**

The requirement that courts have personal jurisdiction over defendants protects defendants' liberty interests under the Due Process Clause. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Washington, 326 U.S. 310,

**Civil No. 12-1735 (GAG)**

316 (1945) (citations omitted) (internal quotation marks omitted).  "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." Ins. Corp. of Ireland, 456 U.S. at 703.  The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1996).

None of this pertains to the instant case because Defendants moved to dismiss for lack of personal jurisdiction over *Plaintiff*–a motion unwarranted by the law of personal jurisdiction.  The jurisprudence governing personal jurisdiction developed from "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  Courts analyze personal jurisdiction to determine whether a defendant could anticipate being hailed to the forum jurisdiction. Shaffer v. Heitner, 433 U.S. 186, 216 (1977).  At no point has this ever been extended to govern a federal court's jurisdiction over a plaintiff.  Therefore, Rule 12(b)(2) cannot sustain Defendants' motion to dismiss.

The appropriate Rule underpinning Defendants' argument is 12(b)(1), a motion to dismiss for lack of subject-matter jurisdiction. Sumitomo Real Estate Sales, Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 95 (D.P.R. 2006) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001)).  The court will evaluate Defendants' motion to dismiss as though it were a motion to dismiss for lack of subject-matter jurisdiction.  "In this type of jurisdictional challenge, 'the standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff.'" Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002) (quoting Freiburger v. Emery Air Charter, Inc., 795 F. Supp.

253, 257 (N.D. Ill. 1992)).

## II.    Legal and Factual Background

On September 28, 2009, Defendants executed a mortgage deed and a mortgage note payable to Firstbank Puerto Rico. (Docket No. 1 at 2.) The principal amount of the mortgage note was $173,375 and the interest was 6.25% per annum. (Id.) Plaintiff now holds and owns the mortgage deed and mortgage note. (Id. at 3.) Plaintiff alleges that Defendants have breached their payment obligations and now owe principal in the amount of $171,933.32 and interest in the amount of $36,992.98. (Id.) Plaintiff filed this action in diversity seeking payment in full or, in the alternative, foreclosure. (Id. at 4.)

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Article 13.03 of the General Corporations Act of Puerto Rico, P.R. LAWS ANN. tit. 14, § 3163 (repealed 2009), bars Plaintiff from filing suit in any court in the Commonwealth of Puerto Rico, which would preclude Plaintiff from invoking this court's diversity jurisdiction.[1] (See Docket No. 20 at 6-10.) The court deemed this motion moot by upon the filing of the present motion. (See Docket No. 31.) The present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) asserts the same legal argument, but contains the incorrect framework, as previously discussed.[2]

---

[1] The parties cite the General Corporation Law of 1995. The relevant provisions of that law were repealed in 2009 and were codified as part of the General Corporations Act of 2009. The door-closing provision and exemptions remain the same so the parties' analysis is accurate, but the court cites the law that is currently in effect.

[2] Defendants' motion to dismiss for an alleged lack of personal jurisdiction over Plaintiff contains a bewildering statement: "Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions . . . Under Rule 12(b)(6), dismissal is proper." (See

**Civil No. 12-1735 (GAG)**

(See Docket No. 30 at 2-4.) Defendants do not contest whether there is diversity of citizenship between the parties or that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Instead, they allege that Plaintiff has been "doing business in Puerto Rico for several years, by buying bad loans and executing them" without obtaining proper authorization. (See Docket No. 36 at 4.) As such, Plaintiff is barred from pursuing its claims in any court in Puerto Rico.

### III. Discussion

The parties do not dispute the laws of Puerto Rico apply to this action, but the parties interpret the laws of the Commonwealth differently. Defendants make a conclusory allegation that Plaintiff "has been actively doing business in Puerto Rico for years" without addressing the statutory definition or exemptions of "doing business in Puerto Rico." (See Docket No. 30 at 6.) Plaintiff responds that its activities are specifically enumerated in Article 13.05 of the General Corporations Act as transactions that "shall not constitute doing business transactions in the Commonwealth." (See Docket No. 32 at 3.)

Defendants' argument that Plaintiff "has been actively doing business in Puerto Rico for years" in violation of the Commonwealth's laws is legally unfounded and unsupported by Defendants' exhibits. (See Docket Nos. 30 at 6, 30-2 at 1.) While the General Corporations Act provides that foreign corporations doing business in the Commonwealth without authorization may not bring suit in the Commonwealth's courts, which bars a noncompliant foreign corporation from invoking a federal court's diversity jurisdiction, the law also provides a non-exhaustive list of

---

Docket No. 30 at 4.) Although this is an accurate characterization of the standard of review for a Rule 12(b)(1) motion, Defendants' filed their motion pursuant to Rule 12(b)(2).

**Civil No. 12-1735 (GAG)**

activities that do not constitute doing business in the Commonwealth. P.R. LAWS ANN. tit. 14, §§ 3803, 3805; see also Sumitomo, 434 F. Supp. 2d at 95-96 (applying Puerto Rico's General Corporations Law to suit brought by unregistered foreign corporation invoking court's diversity jurisdiction). The exceptions in § 3805(a)(7)-(8) are particularly relevant to the instant case: "The following activities, without this list being thorough, shall not constitute doing business transactions in the Commonwealth: . . . (7) [c]reat[ing] or acquir[ing] debts, mortgages, or real property securities [and] (8) [g]uarant[eeing] or collect[ing] debts or foreclos[ing] on mortgages, or securities on the properties which guaranty such debts." Tit. 14, § 3805(a)(7)-(8).

Defendants argue these exemptions only apply to isolated transactions and cite secondary sources in support of this contention.[3] (See Docket No. 36 at 3-6.) However, the statutory language clearly exempts certain types of transactions without imposing limitations on the number of transactions or the value of the transactions. The statute specifically states that it does not constitute business transactions to "[c]reate or acquire debts, mortgages, or real property securities" or "collect debts or foreclose on mortgages." Tit. 14, § 3805(a)(7)-(8). The statute uses the plural form of debts, mortgages, and real property securities and provides no other limitation on the number or value of an out of state corporation's transactions. There is no language indicating that the Commonwealth Legislature intended to limit the number of mortgages, debts, or real property securities allowed by this exception. The court declines to infer limitations on the exemptions that

---

[3] The court will not consider sources only available in the Spanish language. The party offering materials written in a foreign language has the burden of submitting certified translations of the materials they want the court to consider. Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).

**Civil No. 12-1735 (GAG)**

have no basis in the plain language of the statute.

Based on the plain language of § 3805(a)(7)-(8), Plaintiff's activities in Puerto Rico do not constitute doing business in Puerto Rico. Defendants' exhibits contain proof that Plaintiff is not registered with the Commonwealth's State Department and also has filed dozens of lawsuits in the Commonwealth's courts.[4] (See Docket Nos. 30-1 at 1, 30-2 at 1.) However, there is no evidence that Plaintiff has done anything other than create or acquire debts or mortgages, or collect or foreclose on those debts or mortgages. In the instant case, Plaintiff is merely foreclosing on a mortgage. Therefore, Plaintiff's activities in the Commonwealth fall squarely within the exceptions of § 3805(a)(7)-(8) and do not constitute doing business in Puerto Rico. As a result, Plaintiff is not required to register with the State Department. The door-closing provision does not bar Plaintiff from filing suit in the Commonwealth's courts or a federal court sitting in diversity jurisdiction.

Defendants also allege that Plaintiff violated "Commonwealth Law, # 247 December 30th, 2010, known as 'Law to regulate the business of mortgage loans'" in modifying Defendants' loan. (See Docket No. 36 at 5.) However, Defendants have not followed any recognizable citation format and the court is therefore unable to determine which law Defendants allege Plaintiff violated.[5] This does not affect the outcome of this motion because Section 3803 only bars foreign corporations "doing business without authorization" from initiating proceedings in the Commonwealth's courts.

---

[4] Although Plaintiff has filed dozens of lawsuits in the Commonwealth's courts, Defendants have not produced any evidence that the Commonwealth's courts applied the door-closing provision of the General Corporations Act to bar Plaintiff from bringing suit.

[5] See The Bluebook: A Uniform System of Citation 276 tbl.T.1 (Columbia Law Review Ass'n et al. Eds., 19th ed. 2010).

**Civil No. 12-1735 (GAG)**

P.R. Laws Ann. tit. 14, § 3803.  "The doors are not closed to foreign corporations which are not 'doing business' in the Commonwealth and, moreover, are not necessarily closed to those foreign corporations which may fail to 'comply with *any* particular requirement provided by the laws regulating such industries.'"  Sumitomo, 434 F. Supp. 2d at 97 (quoting P.R. Laws Ann. tit. 14, § 3162(b) (2000)).

### IV.  Conclusion

For the foregoing reasons, the court **DENIES** Defendants' motion to dismiss.

**SO ORDERED**

In San Juan, Puerto Rico this 12th day of April, 2013.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge